USDC SCAN INDEX SHEET










R1R     1/14/05     8:58

3:04-CV-02248    NICKEL LTD V. PURE BIOSCIENCE

*4*

*ANS.*

```
WOLFGANG F. HAHN [SBN # 061385]
WOLFGANG F. HAHN & ASSOCIATES
7160 Caminito Pepino
La Jolla, California  92037
Telephone :  858. 535. 1000
Telecopier:  858. 456. 5080

CHARLES E. BRUMFIELD, ESQ. [SBN # 56636]
c/o PURE BIOSCIENCE
1725 Gillespie Way
El Cajon, California 92020

Attorneys for Petitioner PURE BIOSCIENCE
fka INNOVATIVE MEDICAL SERVICES
```

[SPACE BELOW PROVIDED FOR FILING STAMP ONLY]

FILED
05 JAN 13 PM 3: 44
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: RRhane DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICKEL, LTD., and FALKEN INDUSTRIES, LTD., New Jersey corporations,<br><br>Plaintiffs,<br><br>vs.<br><br>PURE BIOSCIENCE f/k/a Innovative Medical Services, a California corporation<br><br>Defendant. | Case No. 04 CV 2248-L(NLS)<br><br>Assigned For All Purposes:<br>Hon. M. James Lorentz<br><br>**PURE BIOSCIENCE'S ANSWER TO NICKEL AND FALKEN'S COMPLAINT**<br><br>**ORIGINAL** |

Defendant PURE BIOSCIENCE fka Innovative Medical Services ("PURE") hereby respectfully answers the Complaint on file herein as follows:

1. In responding to Paragraph 1 of Plaintiffs' Complaint, and assuming that said allegation refers only to the claims made by PURE in its Statement of Claim before the AAA in Case No. 50 133 T 00319 04, PURE admits the allegation.

2. In responding to Paragraph 2 of Plaintiffs' Complaint, PURE admits said allegation.

3. In responding to Paragraph 3 of Plaintiffs' Complaint, PURE admits said allegation.

4. In responding to Paragraph 4 of Plaintiffs' Complaint, PURE admits said allegation.

5. In responding to Paragraph 5 of Plaintiffs' Complaint, PURE admits that the approximate $330,000 amount in controversy in AAA Case No. 50 133 T 00319 04 exceeds $75,000.00, exclusive of interest and costs. PURE further admits that the parties are citizens of different states. Apart from these admissions, PURE denies each and every allegation contained in this stated paragraph.

6. In responding to Paragraph 6 of Plaintiffs' Complaint, PURE admits that its principal place of business is in this judicial district, and that the referenced arbitration is proceeding before an arbitrator located here in San Diego. Although we do not believe that the Court has subject matter jurisdiction of the matter as presently pleaded, to the extent that venue can be evaluated apart from that consideration, venue would be proper here.

7. In responding to Paragraph 7 of Plaintiffs' Complaint, PURE admits said allegation.

8. In responding to Paragraph 8 of Plaintiffs' Complaint, PURE admits said allegation.

9. In responding to Paragraph 9 of Plaintiffs' Complaint, PURE admits that it did not append the Umbrella Agreement to its referenced AAA Statement of Claim. PURE denies all of the remaining aspects of the allegation, and specifically denies that the License Agreement is "unsigned."

10. In responding to section (a) of Paragraph 10 of Plaintiffs' Complaint, PURE admits that Falken was not a signatory to the License Agreement but otherwise denies each and all of the remaining aspects of the allegation. In responding to section (b) of Paragraph 10 of Plaintiffs' Complaint, PURE denies each and all of the assertions in said allegation. In responding to section (c) of Paragraph 10 of Plaintiffs' Complaint, PURE admits that section 10.19 of the Umbrella Agreement contains the words quoted in the allegation, but denies each and all of the averments in the remainder of the allegation.

11. In responding to Paragraph 11 of Plaintiffs' Complaint, PURE admits that AAA and defendant received the referenced July 28, 2004 letter from counsel for Nickel, which letter raised the foregoing arguments. Otherwise, PURE denies each and all remaining averments in said allegation.

12. In responding to Paragraph 12 of Plaintiffs' Complaint, PURE admits said allegation.

13. In responding to Paragraph 13 of Plaintiffs' Complaint, PURE admits said allegation.

14. In responding to Paragraph 14 of Plaintiffs' Complaint, PURE denies each and all of the averments in the allegation.

15. In responding to Paragraph 15 of Plaintiffs' Complaint, PURE admits that the parties disagree on the facts and law related to Nickel and Falken's obligation to engage in the reference arbitration in San Diego.

### FIRST AFFIRMATIVE DEFENSE

[Failure To State A Claim]

16. Defendant PURE hereby alleges that the Complaint and each cause of action therein fails to state facts sufficient to constitute a cause of action against defendant PURE.

### SECOND AFFIRMATIVE DEFENSE

[Lack of Subject Matter Jurisdiction]

17. Defendant PURE avers that the Court lacks subject matter jurisdiction in this matter as the relief requested by plaintiffs is not authorized under the FAA (9 U.S.C. §§ 1 et seq.), the Umbrella Agreement under which the Plaintiffs request damages has a dispute resolution mechanism requiring a ruling by the AAA, and arbitration venue disputes are subjects for the arbitrator.

### THIRD AFFIRMATIVE DEFENSE

[Offset]

18. Any damages to which Plaintiffs are entitled (which possibility is entertained solely for the purposes of this pleading) are offset by monetary rights of PURE against Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

[Reservation Of Right To Plead Additional Affirmative Defenses]

19.   At this time, this answering defendant has insufficient knowledge or information on which to form, a belief as to whether it may have additional, and as yet unstated, separate affirmative defenses available. therefore, this answering defendant herein reserves the right to assert additional, separate affirmative defenses in the event discovery indicates such would be appropriate and available.

WHEREFORE, this answering defendant prays that judgment be entered as follows:

1.   Plaintiffs take nothing by reason of their Complaint;

2.   Judgment be entered in favor of PURE, dismissing the Complaint in its entirety;

3.   PURE be awarded its costs of suit, including attorneys' fees incurred herein; and

4.   PURE be awarded such other and further relief, as this Court shall deem just and proper.

WOLFGANG F. HAHN & ASSOCIATES

Dated: 13 January 2005        By: _____
                                  CHARLES E. BRUMFIELD
                                  Attorneys for
                                  PURE BIOSCIENCE

## PROOF OF SERVICE

I, the undersigned, declare that: I am over the age of 18 years and not a party to the case; I am employed in the County of San Diego, California, where the mailing occurs; and my business address is 1725 Gillespie Way, El Cajon CA 92020.

On January 13th, 2005, I caused to be served the following document(s) to the referenced address:

1. PURE BIOSCIENCE'S ANSWER TO NICKEL AND FALKEN'S COMPLAINT

**VIA: U.S. MAIL & FAX**
Joel S. Seidel, ESQ.
10325 Aldea Avenue
Granada Hills, CA 91344
Tel: 818-832-7850
Fax: 818-832-7889

I declare under penalty of perjury under the laws of the State of California and those of the United States that the foregoing is true and correct. Executed on January 13th, 2005, at El Cajon, California, 92020.

Jeff Kitchell

**ORIGINAL**

Proof of Service                                Case No. 04 CV 2248-L (NLS)