UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICKEL, LTD. and FALKEN INDUSTRIES, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> PURE BIOSCIENCE fka INNOVATIVE MEDICAL SERVICES, <br><br> Defendant. | Civil No. 04-CV-2248-L(NLS) <br><br> **ORDER DENYING MOTION FOR STAY OF ARBITRATION PENDING APPEAL OF THE COURT'S ORDER TO ARBITRATE [doc. #29]** |

On February 13, 2006, plaintiff Nickel, Ltd. ("Nickel") filed a motion for a stay pending appeal of the Court's September 30, 2005 Order that compelled plaintiff to arbitrate, in San Diego county, a claim filed by Pure Bioscience ("Pure"). The motion has been fully briefed. For the reasons set forth below, the Court enters the following decision.

**Background**

The factual background of the dispute in the above-captioned case is substantially the same as that found in *Pure Bioscience v. Falken Industries, Ltd.*, 04-CV-1147-L(NLS), and *Pure Bioscience v. Falken*, 05-CV-2020-L(NLS). A brief recitation of facts is helpful.

On October 2003, Pure filed its AAA statement of claims against NVID International, Falken Industries Ltd. and an individual. The arbitration concerned alleged breaches of a 2001 Settlement Agreement which contained an arbitration provision. Pure's claim against NVID

proceeded to hearing before the arbitrator but Falken did not participate in the arbitration and the arbitration as to Falken was bifurcated while Falken challenged whether it was subject to arbitration under the Settlement Agreement.

On June 9, 2004, Pure filed a motion to compel arbitration in this court which was granted on January 4, 2005. *See* Case Number 04-CV-1147-L(NLS). Falken filed a Notice of Appeal with the Ninth Circuit Court of Appeal with respect to the Court's finding that Falken would be compelled to arbitrate on the basis of estoppel. But as a result of the Court's Order, the arbitral hearing against Falken began on August 8, 2005 and continued for nine days. On October 12, 2005, the arbitrator entered an award in favor of Pure. On October 25, 2005, Pure filed a petition for entry of judgment on arbitral award which was assigned case number 05-CV-2020. The Court granted that petition on January 18, 2006. On February 7, 2006, Falken filed a motion to set aside that order. The Court recently denied that motion.

On November 9, 2004, Nickel and Falken filed the above-captioned case against Pure seeking a declaration that plaintiffs were not parties to an arbitration agreement. In response, Pure filed a petition for order compelling Nickel to arbitration which the Court granted. Thereafter, Nickel and Falken filed a Notice of Appeal to the Ninth Circuit Court of Appeals. The appeal filed in the present case, 04-CV-2248-L(NLS), remains pending but raises the same arguments that were raised in the appeal of 04-CV-1147-L(NLS).[1] On February 24, 2006, the appeal in 04-CV-1147-L(NLS) was dismissed for lack of jurisdiction. *See* Ninth Circuit Order 05-55203 (District Court No. 04-CV-1147-L, doc. #56). Falken filed a motion for reconsideration of the dismissal of the appeal. The Ninth Circuit denied the motion for reconsideration on April 19, 2006 and the mandate was issued on April 27, 2006.

Nickel now moves to stay the arbitration pending resolution of the still-pending appeal. Pure objects to a stay.

---

[1] Currently pending before the Ninth Circuit Court of Appeals is Pure's motion to dismiss the appeal in 04-CV-2248-L(NLS) that was filed on July 26, 2006 and raises substantially the same arguments raised in the appeal of the decision in 04-CV-1147-L.

**Legal Standard**

The standard for a stay pending appeal is comparable to that used by a district court in evaluating a motion for preliminary injunction. Specifically, the movant must show a probability of success on appeal, the relative hardships to the parties "(whether *moving party* would suffer *irreparable injury* absent a stay/injunction vs. whether opposing parties would suffer substantial injury were a stay/injunction to be granted)," and the public interest. 1 Dorothy W. Nelson *et al.*, *Federal Ninth Circuit Appellate Practice* § 6:268 at 6-40 (The Rutter Group 2001); *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). One treatise explains, "the standard for a stay or injunctive relief forms a continuum: At one end of the continuum, the moving party must show both a probability of success on the merits and the risk of irreparable injury. At the other end, the moving party must demonstrate the appeal raises serious legal questions and the balance of hardships tips in his or her favor. The relative hardships to the parties and the public interest are the critical elements in deciding at which point along the continuum a stay or injunction is warranted." 1 Dorothy W. Nelson *et al.*, *Federal Ninth Circuit Appellate Practice* § 6:269 at 6-40 (The Rutter Group 2001). The existence of a serious legal question does not have to promise a certainty of success, but it must present a "fair chance" of success on the merits. *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 422 (9th Cir. 1991); 1 Dorothy W. Nelson *et al.*, *Federal Ninth Circuit Appellate Practice* § 6:273 at 6-41 (The Rutter Group 2001).

**Discussion**

  **1. Irreparable Harm**

Although Nickel acknowledges that litigations costs rarely constitute irreparable injury, Nickel contends that in the circumstances presented here, it will suffer irreparable injury unless a stay is granted. Nickel argues that because it is a New Jersey corporation, its principle place of business was in Paris, France, and the company has ceased doing business, its resources are limited and it does not have the financial ability to undertake both the costs of arbitration and its appeal of the order compelling it to arbitrate.

  The Ninth Circuit has made clear "that unnecessarily undergoing arbitration proceedings

[does not] constitute[ ] irreparable injury" and consequently, respondent's success hinges on whether the balance of hardships tips in its favor. *Camping Constr. Co. v. Dist. Council of Iron Workers*, 915 F.2d 1333, 1349 (9th Cir. 1990) (noting that "the party objecting to arbitration might well suffer no harm at all, irreparable or otherwise, for the arbitration panel might decide in its favor"); *see also Graphic Commc'ns Union v. Chi. Tribune Co.*, 779 F.2d 13, 15 (7th Cir. 1986) (holding that even where the appellate court might determine that the trial court erroneously ordered the parties arbitrate a dispute they had not agreed to arbitrate, "the cost of the arbitration, whether it is an opportunity cost of time or an out-of-pocket expense . . . does not show irreparable harm").  Thus, the cost of arbitration and/or a likelihood of reversal do not constitute irreparable harm.  Accordingly, Nickel must show that requiring it to proceed with the ordered arbitration while its appeal is pending will cause it irreparable harm beyond financial cost and possible reversal.

Although Nickel's showing of irreparable harm consists largely of monetary losses, Nickel suggests that it may suffer irreparable harm by having to arbitrate Pure's claims in the absence of a clear agreement to do so. *Textile Unlimited, Inc. v. ABMH and Co.*, 240 F.3d 781, 786 (9th Cir. 2001) (noting that district court's finding that plaintiff would suffer irreparable harm if arbitration were not stayed was not erroneous, although finding was not challenged on appeal).  The Court will accept as true that some irreparable harm may exist when a party is forced to forego an appeal because of the cost associated with an arbitration.  Here, however, Nickel's statement that it must choose one venue over the other is nothing more than an unsupported assertion and speculative. *See Goldie's Bookstore v. Superior Court*, 739 F.2d 466, 472 (9th Cir. 1984)(A finding of irreparable harm must be based on more than speculative assertions.).  Given Nickel's current active litigation in Europe, the Court cannot find that Nickel is genuinely faced with a Hobson's choice.

Nickel also contends that if the arbitration goes forward and the decision is adverse to it, Nickel will be hampered significantly in appealing the legal issue of binding a non-signatory to an arbitration agreement because of the narrow grounds for challenging an arbitration award. See 9 U.S.C. § 10(a)(1), (2) (the grounds that permit a district court to vacate or modify an

arbitration award are very narrow and are limited to circumstances unrelated to the merits, *e.g.,* an award is procured by corruption, fraud or undue means or is rendered by a partial or corrupt arbitrator.). Although Nickel is correct that a motion to vacate an arbitration award is narrowly circumscribed, here the legal issue of compelling arbitration was determined by the district court and that decision would be subject to further review when a final judgment has been entered. This argument does not support a finding of irreparable harm.

Further, even accepting as true that Nickel would suffer some irreparable harm by being compelled in error to arbitrate, when coupled with an extremely weak showing of probability of success on the merits, as discussed below, the Court finds a stay unwarranted.

### 2. **Success on the Merits**.

Although the underlying issue Nickel seeks to appeal *i.e.,* whether a non-signatory can be bound to arbitrate by estoppel, presents a unsettled legal question, the actual appeal likely will not reach that issue and will instead focus on whether an interlocutory appeal can be taken from an order compelling arbitration when the basis for arbitration is estoppel. If the Ninth Circuit is consistent with its earlier dismissal of the appeal in 04-CV-1147-L(NLS), Nickel's appeal will also be dismissed for lack of jurisdiction as an interlocutory appeal and the merits of the appeal not reached. As noted, the Ninth Circuit reviewed a similar motion to dismiss in the appeal of 04-CV-1147-L(NLS) and dismissed that appeal. Thus, Nickel has not made a showing of probable success on the merits.

### 3. **Balance of Hardships**

Next, the balance of hardships does not favor granting the stay. Nickel estimates that the amount of fees and costs that will be incurred if the arbitration is not stayed pending appeal would be in excess of $125,000. Because the appeal likely will be dismissed without reaching the merits of the underlying issue, the appeal will not engender large fees as predicted by Nickel. The Court notes that Pure's motion to dismiss the appeal is fully briefed before the Ninth Circuit and the appellate court has already considered and decided the issue of jurisdiction on the same grounds in the appeal of 04-CV-1147-L(NLS). Thus, it is likely that the Ninth Circuit will make a prompt decision without further briefing being required from Nickel. Pure, however, will be

subjected to further delay if the stay is granted.   Thus, the balance of hardships does not tip in Nickel's favor.

### 4.      Public Interest

Finally, consideration of the public interest does not support a stay.  Even if the public interest favoring arbitration is inapplicable in this case, this fact does not prove the opposite – that the public has an important interest in not arbitrating this matter.  At most, the public has only a generic interest in seeing that federal law is properly applied, which is true of any case and thus cannot justify the extraordinary remedy sought by Nickel. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) ("[A] preliminary injunction is an extraordinary and drastic remedy . . . ." (quotation omitted)); *Reading & Bates Petroleum Co. v. Musslewhite*, 14 F.3d 271, 275 (5th Cir. 1994) ("Stays pending appeal constitute extraordinary relief...."). Consequently, the public interest does not favor a stay of arbitration pending appeal.

### Conclusion

Applying the factors to the present case, the Court finds Nickel has not met its burden to warrant a stay of the arbitration pending appeal and accordingly, a stay is not appropriate under the circumstances of this case.

Based on the foregoing, **IT IS ORDERED** denying plaintiff Nickel, Ltd.'s motion for stay pending appeal. [doc. #29].

**IT IS SO ORDERED.**

DATED:  September 27, 2006

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL